# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRE & POLICE PENSION ASSOCIATION OF COLORADO, on behalf of itself and all others similarly situated, <br><br>                    Plaintiff, <br><br>           - against – <br><br> BANK OF MONTREAL, BMO FINANCIAL CORP., BMO NESBITT BURNS INC., BMO CAPITAL MARKETS CORP., BANK OF AMERICA CORPORATION, BANK OF AMERICA N.A., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MERRILL LYNCH CANADA INC., DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES INC., DEUTSCHE BANK SECURITIES LIMITED, THE BANK OF NOVA SCOTIA, SCOTIA CAPITAL (USA) INC., SCOTIA CAPITAL INC., CANADIAN IMPERIAL BANK OF COMMERCE, CIBC WORLD MARKETS CORP., CIBC WORLD MARKETS, INC., HSBC HOLDINGS PLC, HSBC BANK PLC, HSBC NORTH AMERICA HOLDINGS INC., HSBC SECURITIES (USA) INC., HSBC BANK CANADA, HSBC BANK USA, N.A., HSBC USA INC., NATIONAL BANK OF CANADA, NATIONAL BANK FINANCIAL INC., NATIONAL BANK OF CANADA FINANCIAL INC., ROYAL BANK OF CANADA, RBC DOMINION SECURITIES INC., RBC CAPITAL MARKETS, LLC, TORONTO-DOMINION BANK, TD SECURITIES INC., TD SECURITIES (USA) LLC. <br><br>                    Defendants. | Docket No. 18-cv-00342 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF LOWEY DANNENBERG, P.C. AS INTERIM LEAD CLASS COUNSEL AND <u>ESTABLISHING PLAINTIFF'S EXECUTIVE COMMITTEE</u>**

**INTRODUCTION**

Plaintiff respectfully moves pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23(g)(3) for an order (i) appointing Lowey Dannenberg, P.C. ("Lowey Dannenberg") as Interim Lead Class Counsel; (ii) establishing an Executive Committee comprised of Plaintiff's counsel Lowey Dannenberg and Berman Tabacco; and (iii) appointing Lowey Dannenberg as Chair of the Executive Committee for Plaintiff and the Class.

On January 12, 2018, Plaintiff Fire & Police Pension Association of Colorado ("Plaintiff"), through plaintiff's counsel, Lowey Dannenberg and Berman Tabacco, filed a complaint ("Complaint") against Defendants alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.* ("CEA"), the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO") and common law on behalf of itself and a putative class comprised of all persons or entities that engaged in U.S.-based transactions in financial instruments that were priced, benchmarked, and/or settled based on the Canadian Dealer Offered Rate ("CDOR") at any time from at least August 9, 2007 through June 30, 2014.

Lowey Dannenberg is one of the leading firms prosecuting private actions involving the manipulation of global benchmark interbank offered rates against many of the world's largest financial institutions. For example, Lowey Dannenberg currently serves as court appointed sole lead or co-lead counsel in several benchmark manipulation cases in this District, involving the London Interbank Offered Rate ("LIBOR") for the Japanese Yen and the Tokyo Interbank Offered Rate ("Euroyen TIBOR"), the Euro Interbank Offered Rate ("Euribor"), Swiss Franc LIBOR, and the London Silver Fixing. Lowey Dannenberg has extensive experience successfully litigating these and other complex actions. Notably, Lowey Dannenberg has recovered more than $600 million to date for investors in these benchmark manipulation cases. Lowey Dannenberg has unparalleled

knowledge and experience in pursuing claims and navigating the legal issues in a complex benchmark manipulation litigation such as this.

Lowey Dannenberg has taken the lead in developing and prosecuting this case on Plaintiff's and the Class' behalf, and its lawyers are the best suited to litigate the various procedural and substantive issues expected in this action. It is well qualified to represent the class as Interim Lead Counsel and Chair of the Executive Committee.

Lowey Dannenberg has partnered with Berman Tabacco to bring this case. Plaintiff requests that Berman Tabacco join Lowey Dannenberg in an Executive Committee member capacity to litigate this case on its behalf and on behalf of the Class. As Interim Class Counsel and Chair of the proposed Executive Committee, Lowey Dannenberg will work with Berman Tabacco on matters of strategic importance during the prosecution of this matter, including but not limited to, drafting and review of pleadings, discovery, retention of experts, litigation strategy, and any potential resolution of the Action. Named by Benchmark in 2017 and 2018 as a Top 10 Plaintiffs' Firm "[f]or it work on behalf of individuals and institutions who have suffered financial harm due to the violations of securities or antitrust laws," Berman Tabacco is equally qualified to represent the Class as co-member of an Executive Committee.

There are no other firms better situated to provide the best possible results to Plaintiff and the Class.[1]  Accordingly, it is appropriate for the Court to now consider the appointment of Interim Lead Class Counsel.

---

[1] Defendants have informed Plaintiff's counsel that they take no position on the appointment of Interim Class Counsel.

## **ARGUMENT**

I.  **APPOINTMENT OF LOWEY DANNENBERG AS INTERIM LEAD CLASS COUNSEL AND EXECUTIVE COMMITTEE CHAIR IS IN THE BEST INTEREST OF THE CLASS**

   **A. Under the FED. R. CIV. P. 23(g) criteria, Lowey Dannenberg is both adequate and best able to represent the interests of the Class.**

FED. R. CIV. P. 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This mechanism provides certainty to all involved in the litigation—the Court, defendants, and plaintiff—as to who has the authority to act on behalf and bind the plaintiff and class members, and permits the putative class action to proceed in an orderly and efficient manner. Thus, it is standard practice in class actions for courts to appoint interim class counsel. *See* Manual for Complex Litigation (Fourth) § 21.11 (2004). Indeed, the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.*

Neither Rule 23(g) nor any part of Rule 23 explicitly states specific criteria that govern the appointment of interim class counsel. Therefore, in selecting interim class counsel, courts typically look to the specific criteria of Rule 23(g)(1)(A) governing the selection of class counsel. *Buonasera v. Honest Company, Inc.*, 318 F.R.D. 17 (S.D.N.Y. 2016) (citing *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)). The Rule 23(g)(1)(A) criteria are:

   (i) the work counsel has done in identifying or investigating potential claims in the action;

   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

   (iii) counsel's knowledge of the applicable law; and

   (iv) the resources that counsel will commit to representing the class.

3

FED. R. CIV. P. 23(g)(1)(A). None of these factors is individually determinative; they are intended to provide a framework for the Court to analyze and determine whether counsel can fairly and adequately represent the class. Further, the Court, in its discretion, may consider any other criteria it deems pertinent to evaluate counsel's ability to represent the class. FED. R. CIV. P. 23(g)(1)(B).

For the reasons set forth below, Plaintiff respectfully submits that Lowey Dannenberg is more than capable to fairly and adequately represent the Class as Interim Lead Counsel and Executive Committee Chair under the Rule 23(g) criteria and Berman Tabacco is equally capable to represent the Class as an Executive Committee Member.

1. **Rule 23(g)(1)(A)(i): Lowey Dannenberg has performed extensive work developing the Class' claims and the allegations supporting the claims in this action.**

In consultation with Berman Tabacco, Lowey Dannenberg investigated and filed this action on January 12, 2018. Notably, Lowey Dannenberg has investigated and developed the case thus far on behalf of Plaintiff in the absence and without the benefit of any news reports or government investigations or settlements regarding Defendants' manipulation of CDOR and the prices of CDOR-based derivatives. The detailed allegations in the Complaint are a product of Lowey Dannenberg's own investigation into Defendants' conduct and analysis of market data.

As part of its extensive investigation, Lowey Dannenberg, among other things, (a) conducted detailed factual and legal research in order to allege the best possible claims in the Complaint; (b) retained and consulted with economic experts; (c) reviewed CDOR-based derivatives prices and pricing and other relevant market data; (d) consulted with market participants; (e) investigated the Defendants' conduct; and (f) consulted prior legal research developed in numerous successful Sherman Act, CEA and RICO class actions and used to successfully lead the prosecution of other benchmark rate and commodity manipulation class actions in this District. The Complaint reflects

4

careful and considered judgments concerning the scope of the Class, the Defendants named, as well as the claims asserted.

Since the filing of this action, Lowey Dannenberg, in consultation with Berman Tabacco, has worked efficiently and effectively in advancing the interests of the putative Class and the litigation. These efforts include, among other things, (a) engaging in extensive meet and confer negotiations and stipulations with nearly a dozen counsel for Defendants regarding acceptance of service, all of which successfully led to the Court's entry of an order setting a schedule for the filing of an amended complaint [ECF No. 21]; (b) continuing to build on Lowey Dannenberg's pre-complaint investigation; (c) conducting additional economic analyses of CDOR-based derivatives prices and pricing, and other relevant market data during the Class Period; and (d) performing additional investigative tasks and market analysis. Pursuant to the Court-ordered schedule, Lowey Dannenberg filed an amended complaint on March 20, 2018 that asserts more detailed allegations that Lowey Dannenberg has developed during its continuing investigation. ECF No. 73. After filing the amended complaint, Lowey Dannenberg engaged in meet and confer negotiations with counsel for Defendants leading to a joint proposed briefing schedule for motions to dismiss and any further amendments to the complaint. ECF No. 77.

   2. **Rule 23(g)(1)(A)(ii):  Lowey Dannenberg has extensive experience in handling the types of claims asserted in this action.**

Lowey Dannenberg is presently prosecuting, as court appointed lead or co-lead class counsel or individual plaintiff's counsel, numerous complex actions involving manipulation, false reporting and other restraints of trade in the setting of global financial benchmarks. *See, e.g.*:

- *Laydon v. Mizuho Bank, Ltd. et al.*, Case No. 12-cv-03419 (GBD) (S.D.N.Y.) ("Euroyen Litigation"). Lowey Dannenberg is the court-appointed sole lead counsel of this proposed class action alleging the intentional and systematic manipulation (through false reporting and other unlawful means) of Yen LIBOR and the Euroyen TIBOR by, among others, Barclays, Rabobank, Deutsche Bank, RBS, and UBS.

5

Judge Daniels has granted final approval for settlement agreements with JPMorgan, Citigroup, HSBC, Deutsche Bank, and R.P. Martin totaling $206 million;

- *Sullivan v. Barclays PLC et al.*, Case No. 13-cv-02811 (PKC) (S.D.N.Y.) ("Euribor Litigation"), Lowey Dannenberg is leading the prosecution of this proposed class action alleging the intentional and systematic manipulation of Euribor. To date, Lowey Dannenberg has negotiated settlement agreements worth a total of $309 million with Deutsche Bank, Barclays, and HSBC;

- *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG et al.*, Case No. 15-cv-871 (SHS) (S.D.N.Y.) ("Swiss franc Litigation"). Lowey Dannenberg is the court-appointed sole lead counsel of this proposed class action alleging the manipulation of Swiss Franc LIBOR and Swiss Franc LIBOR-based derivatives prices and pricing by, among others, Deutsche Bank, RBS, and UBS. Judge Stein granted preliminary approval of a $22 million settlement with JPMorgan on August 16, 2017; and

- *In re London Silver Fixing Ltd. Antitrust Litigation*, Case No. 14-md-2573 (VEC) (S.D.N.Y.). Lowey Dannenberg was appointed co-lead counsel in a contested lead counsel application involving several prominent class action firms. Plaintiffs allege that a group of 8 major financial institutions colluded to fix the outcome of a daily auction used to set the worldwide price of silver and conspired to fix prices in the over-the-counter silver and silver futures market. Lowey Dannenberg secured a $38 million settlement from Deutsche Bank and valuable cooperation that it is using in the ongoing prosecution of the case against the remaining defendants.

As co-counsel with Lowey Dannenberg in the Euroyen Litigation, Euribor Litigation, and Swiss franc Litigation, Berman Tabacco is also experienced in prosecuting these cases.

In addition, Lowey Dannenberg has successfully prosecuted as court appointed lead or co-lead class counsel or individual plaintiff's counsel, the most significant and complex commodity manipulation actions since the enactment of the CEA. *See, e.g.*:

- *In re Sumitomo Copper Litigation*, Master File No. 96 CV 4854 (S.D.N.Y.) (Pollack, J.) ("*Sumitomo*"). Lowey Dannenberg, as one of three executive committee members leading the prosecution, achieved a settlement on behalf of the certified class of COMEX copper futures traders in excess of $149 million, which at the time was **the largest** class action recovery in the history of the CEA;

- *In re Natural Gas Commodity Litigation*, Master File No. 03 CV 6186 (S.D.N.Y.) (Marrero, J.) ("*In re Natural Gas*"). Lowey Dannenberg served as co-lead counsel in this certified CEA class action alleging false reporting of physical natural gas price and volume information by more than 20 large energy companies to leading natural gas industry publishers whose natural gas price indices were used to price and settle hundreds of millions of dollars in exchange traded natural gas derivatives. Lowey

6

Dannenberg achieved recoveries in excess of $101 million on behalf of a certified class of New York Mercantile Exchange Inc. ("NYMEX") natural gas futures and options traders. This was the third largest commodity manipulation class action recovery in the history of the CEA at the time; and

- *In re Amaranth Natural Gas Commodities Litigation*, Master File No. 07 Civ. 6377 (S.D.N.Y) (Scheindlin, J.) ("*Amaranth*"). Lowey Dannenberg served as co-lead counsel in this certified CEA class action alleging manipulation of NYMEX natural gas futures and options contracts in 2006 by Amaranth LLC, one of the country's largest hedge funds, prior to its widely-publicized multi-billion dollar collapse in September 2006. Lowey Dannenberg achieved settlements totaling $77.1 million, more than ten times the amount recovered by the Federal Energy Regulatory Commission ("FERC") and the Commodity Futures Trading Commission ("CFTC"). The settlements in *Amaranth* represented then then fourth-largest commodity manipulation class recovery in the history of the CEA.

- *Hershey v. Pacific Investment Management Corp.*, Case No. 05-C-4681 (RAG) (N.D. Ill.) ("*Pimco*"). Lowey Dannenberg served as counsel to certified class representative Richard Hershey in an action alleging manipulation of Chicago Board of Trade ("CBOT") U.S. 10-Year Treasury Note futures contracts, which settled for $118.75 million, the then-second largest recovery in the history of the CEA;

3. **Rule 23(g)(1)(A)(ii): Lowey Dannenberg has extensive experience handling other types of class actions and complex litigation.**

In addition to Lowey Dannenberg's extensive experience and success in actions involving manipulation and restraints of trade involving global financial benchmarks and commodity and commodity futures markets, Lowey Dannenberg has represented sophisticated clients in complex litigation for the past 50 years involving federal securities, antitrust and RICO violations, for which Lowey Dannenberg has achieved recoveries in excess of one billion dollars. These clients include Fortune 100 companies such as Aetna Inc., Anthem, Inc., CIGNA, Horizon BC/BS of New Jersey, Humana Inc., and Verizon, Inc., as well as the nation's largest pension funds, *e.g.*, CalSTRS, the New York State Common Retirement Fund and New York City Pension Funds, and sophisticated institutional investors, including Federated Investors, Inc., an investment firm with more than $355 billion in assets under management. On behalf of Federated Investors, Lowey Dannenberg, led by shareholder Vincent Briganti, successfully obtained emergency injunctive relief against the Republic of Argentina, preventing the country from cancelling more than $500 million in outstanding bonds.

Order, *Federated Inv. Mgmt. Co., et al., v. Republic of Argentina, et al.*, No. 10-cv-4324 (TPG) (S.D.N.Y. June 5, 2010), ECF No. 5.

Lowey Dannenberg is also recognized among the nation's premier litigation firms for health benefit providers. Lowey routinely represents some of the largest health benefit companies in the United States, including Aetna, Anthem, CIGNA, and Humana. Lowey's expertise was highlighted in the 2013 and 2014 editions of Corporate Counsel magazine's "In House Law Departments at the Top 500 Companies," where Aetna Inc. and Humana, Inc. identified Lowey Dannenberg as a "Go-to Law Firm" for litigation services.

4. **Rule 23(g)(1)(A)(iii): Through its many cases, Lowey Dannenberg has developed extensive knowledge of the applicable laws involved in litigating this action.**

The best indicator of an attorney's knowledge of the applicable law is the attorney's experience with such law. Lowey Dannenberg's institutional knowledge of the law applicable to the claims asserted here is reflected in its extensive experience in successfully prosecuting complex commodity manipulation and antitrust cases, and the firm's experience in leading financial benchmark and commodity manipulation litigation is second to none. For example, Lowey Dannenberg has recently achieved landmark results under the CEA, securing favorable rulings as lead counsel in two of the first cases to consider the CEA's "manipulative device" provision, which was enacted as part of the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act.[2] The Complaint here also alleges a CEA manipulative device claim and Lowey Dannenberg will utilize its expert knowledge of this area of the law to effectively prosecute this action on behalf of Plaintiff and the Class.

---

[2] *Ploss v. Kraft Foods Grp., Inc.*, 197 F. Supp. 3d 1037, 1055-58 (N.D. Ill. 2016); *In re London Silver Fixing, Ltd., Antitrust Litig.*, 213 F. Supp. 3d 530, 570 (S.D.N.Y. 2016) (Caproni, J.).

Moreover, beyond the actual claims themselves, Lowey Dannenberg is skilled at the substantive and procedural aspects of managing complex litigation. For example, Lowey Dannenberg has had multiple class action cases certified, each of which have been upheld on appeal.[3] Lowey Dannenberg is also well-versed in the various discovery issues that may be raised in the course of this litigation, and has extensive experience in complex cases, litigating and winning motions to compel the production of documents from some of the world's largest banks. For example, in the Euroyen Litigation, Lowey Dannenberg defeated nine defendants' motion to withhold documents under U.K. data privacy and bank secrecy laws, substantially accelerating discovery. *See* 183 F. Supp. 3d 409 (S.D.N.Y. 2016). Lowey Dannenberg's legal and practical knowledge will benefit the Class.

### 5. Rule 23(g)(1)(A)(iv):  Lowey Dannenberg will commit more than ample resources to representing the Class.

Lowey Dannenberg has over 40 years of experience in prosecuting and funding complex class action litigation. The firm has advanced millions of dollars on behalf of the classes it has represented, is currently well-capitalized, and is prepared to advance similar substantial sums in the prosecution of this case. Lowey Dannenberg also has the capability to conduct end-to-end e-discovery in-house, a capability it has developed and applied in numerous complex cases that involved millions of documents. Lowey Dannenberg has earned national recognition for its use of cutting-edge e-discovery technology to save millions in expenses and tens of thousands of hours in review time in other large class actions.[4]  These resources and experience will not only result in a

---

[3] *See, e.g., In re Amaranth Natural Gas Commodities Litig.,* 269 F.R.D. 366 (S.D.N.Y. 2010) *petition for review denied*, Motion Order, 10-4110-cv (2d Cir. Dec. 28, 2010), ECF No. 54; *In re Natural Gas Commodities Litig.,* 231 F.R.D. 171 (S.D.N.Y. 2005) *petition for review denied,* mandate, 03-cv-6186 (S.D.N.Y. Aug. 30, 2006) ECF No. 464.

[4] *See Just Add Relativity: Appliance Saves Lowey Dannenberg $2.5M on Class Action Case*, KCURA, available at https://www.kcura.com/relativity/ediscovery-resources/customer-wins/lowey-appliance/.

savings for the Class over the course of this litigation, but will also allow Lowey Dannenberg to effectively manage the high volume of documents typically produced during discovery in an action of this complexity.

Furthermore, Lowey Dannenberg are experienced class litigation attorneys. Vincent Briganti and Geoffrey Horn lead Lowey Dannenberg's commodity litigation practice. Together, they have over thirty years of experience prosecuting CEA cases and have been responsible for some of the largest CEA recoveries in history. They are considered experts in financial benchmark and commodity manipulation litigation and will be leading Lowey Dannenberg's effort in this case along with a team of lawyers. The firm is prepared to bring all these resources to bear in this litigation.

Lowey Dannenberg's strong team is augmented by additional plaintiff's counsel and proposed Executive Committee member Berman Tabacco and its team of experienced antitrust and securities litigators on the east and west coasts. Berman Tabacco also has a national reputation for prosecuting antitrust class actions involving price-fixing, market allocation agreements, patent misuse, monopolization, and group boycotts, among other types of anticompetitive conduct. The firm has served as lead or co-lead counsel or was a member of the plaintiffs' steering committee in a number of leading antitrust matters. Over the years, Berman Tabacco has recovered billions of dollars on behalf of investor class members and its clients, which have included some of the largest public pension funds and state retirement systems.

### 6. The Rule 23(g)(1)(B) discretionary factors also favors appointment of Lowey Dannenberg.

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Through its extensive multi-decade experience prosecuting commodity manipulation actions, Lowey Dannenberg has developed significant relationships with industry experts, economists, sophisticated market participants, regulatory personnel, and settlement administration experts.

10

Lowey Dannenberg's extensive relationships combined with the firm's litigation experience gives it a significant knowledge advantage that facilitates the successful prosecution of financial benchmark class actions, such as this one.

## CONCLUSION

For the stated reasons, this Court should enter the [Proposed] Order: (i) appointing Lowey Dannenberg as Interim Lead Class Counsel; (ii) establishing an Executive Committee comprised of Plaintiff's counsel Lowey Dannenberg and Berman Tabacco; and (iii) appointing Lowey Dannenberg as Chair of the Executive Committee for Plaintiff and the proposed Class.

Dated:  March 28, 2018

Respectfully submitted,

**LOWEY DANNENBERG, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti
Geoffrey M. Horn
Peter St. Phillip
44 S. Broadway
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: ghorn@lowey.com
vbriganti@lowey.com
pstphillip@lowey.com

*Counsel for Plaintiff and Proposed Interim Class Counsel*

Nicole Lavallee
Todd Seaver
BERMAN TABACCO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel.: (415) 433-3200
Fax: (415) 433-6382
Email:  nlavallee@bermantabacco.com
tseaver@bermantabbaco.com

Patrick T. Egan (PE-6812)
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
Email: pegan@bermantabacco.com

*Additional Counsel for Plaintiff*